# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| RONALD JEROME<br>909 Oakwood Drive<br>Elyria, Ohio 44035<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br>c/o Justin Herdman<br>U.S. Attorney for the Northern District of Ohio<br>Office of the United States Attorney<br>Carl B. Stokes United States Courthouse<br>801 West Superior Avenue, Suite 400<br>Cleveland, Ohio 44113<br><br>and<br><br>ROGER A. MANSNERUS<br>30085 Persimmon Drive<br>Westlake, Ohio 44145<br><br>　　　　Defendants. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR MONETARY DAMAGES PURSUANT TO THE FEDERAL TORT CLAIMS ACT** |

Plaintiff Ronald Jerome, by and through his attorneys, files the following Complaint against the above-named Defendants and for his cause of action, states and avers as follows:

## INTRODUCTION

1. This is an action against Defendants The United States of America and Dr. Roger A. Mansnerus, brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.* and 28 U.S.C. § 1346(b)(1), seeking compensatory damages for medical negligence in connection with medical care provided to Plaintiff Ronald Jerome by the United States Department of Veterans Affairs in Cuyahoga

County Ohio and Dr. Roger A. Mansnerus, an employee of the The United States of America working in the course and scope of his employment, from December of 2015 until December 10, 2019. Defendants failed to order testing for prostate cancer in a timely fashion that would have prevented Plaintiff's metastatic cancer which Plaintiff was diagnosed with on January 29, 2020.

2. This action seeks monetary damages for personal injuries caused by the negligent acts and/or omissions of employees of the United States Government, acting within the scope of their employment, under circumstances in which the United States would be liable under the laws of the State of Ohio if it were a private person.

3. In compliance with 26 U.S.C. § 2675 and 28 C.F.R. § 14.2, Plaintiff Ronald Jerome timely served notice of his claim on the Department of Veterans Affairs on March 19, 2020 which was received by the Department of Veterans Affairs on March 25, 2020, less than two years after the incident forming the basis of this suit, by filing a Standard Form 95.

## FTCA CLAIM

4. All of the statements and averments in the preceding Paragraphs 1-3 are hereby incorporated by reference as if fully rewritten herein.

5. On May 6, 2020, the Department of Veterans Affairs sent Plaintiff a letter informing Plaintiff the Department received Plaintiff's tort claim (described in Paragraph 3, *supra*) on March 25, 2020.

6. Plaintiff Ronald Jerome did not receive a final decision letter from the Department of Veterans Affairs by September 25, 2020—that is, within six months from March 25, 2020 as provided by 28 C.F.R. § 14.9(b)—and thus Plaintiff had the right to treat his tort claim as having been constructively denied by the Department of Veterans Affairs pursuant to 28 U.S.C. § 2675(a).

7. Pursuant to the above, this action was timely filed pursuant to 28 U.S.C. § 2675(a) and 28 U.S.C. § 2401(b), in that Plaintiff filed this action within six months after the date of the constructive denial (described in Paragraph 6, *supra*) of Plaintiff's administrative claim by the Department of Veterans Affairs.

## JURISDICTION AND VENUE

8. This Court possesses proper subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1), as this action is brought against Defendant The United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq.*, for damages caused by employees and/or agents of the United States acting within the scope of their employment and/or agency.

9. This Court possesses proper personal jurisdiction over the parties named herein.

10. Pursuant to 28 U.S.C. § 1402(b), venue is proper in the Northern District of Ohio, Eastern Division, inasmuch as all of the acts giving rise to Plaintiff's cause of action occurred within the boundaries of the Northern District of Ohio, Eastern Division.

## THE PARTIES

11. All of the statements and averments in the preceding Paragraphs 1-10 are hereby incorporated by reference as if fully rewritten herein.

12. At all times relevant herein, Plaintiff Ronald Jerome was and is a resident of the City of Elyria in Lorain County in the State of Ohio, within the boundaries of the Northern District of Ohio.

13. Plaintiff Ronald Jerome is a retired veteran of the United States Air Force and a beneficiary of the services of the Department of Veterans Affairs.

14. At all times relevant herein, Defendant The United States of America, through its administrative agency, the Department of Veterans Affairs, owned, operated, and controlled the

Louis Stokes Cleveland Veterans Affairs Medical Center, located at 10701 East Boulevard, Cleveland, Ohio 44106, the VA Medical Center located in Parma Ohio at 8787 Brookpark Road; Parma, Ohio 44129, and other VA Medical Center's within this District where Plaintiff was seen and/or treated for medical diagnosis and treatment.

15. At all times Material Defendant Roger Mansnerus was a physician duly licensed to practice medicine in the state of Ohio and held himself out as a provider of medical services in the State of Ohio. At all times material he was an Employee of The United States of America and acting in the course and scope of his employment.

16. Defendant The United States of America, its administrative agency the Department of Veterans Affairs, the Louis Stokes Cleveland Veterans Affairs Medical Center, The VA Medical Center in Parma and all of its directors, officers, operators, administrators, employees, staff, and agents including Dr. Mansnerus are hereinafter collectively referred to as "Defendants" or "VA."

17. At all times relevant herein, the VA and Dr. Mansnerus held themselves out to eligible Veterans Affairs beneficiaries, including Plaintiff, as a provider of high-quality health care services possessing the necessary expertise to maintain the health and safety of patients such as Plaintiff by and through agents, including but not limited to Roger A. Mansnerus, who were physicians duly licensed and practicing medicine pursuant to the laws of the State of Ohio.

18. At all times relevant herein, the directors, officers, operators, administrators, employees, staff, and/or agents of the facilities were Plaintiff sought medical diagnosis and treatment were employed by and/or were agents of Defendants and were acting within the course and scope of their employment by and/or agency with Defendants, such that Defendant The United States of America is responsible for their negligent acts pursuant to the doctrine of *respondeat superior*.

19. At all times relevant herein, the directors, officers, operators, administrators, employees, staff, and/or agents of the VA were employed by and/or were agents of Defendant and were acting within the course and scope of their employment by and/or agency with Defendant, such that Defendant The United States of America is liable for their negligent acts and/or omissions, and any damages stemming therefrom, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et seq*.

## AFFIDAVIT OF MERIT

20. All of the statements and averments in the preceding Paragraphs 1-19 are hereby incorporated by reference as if fully rewritten herein.

21. To the extent that this Court deems an affidavit of merit necessary for this case Pursuant to Ohio Rule 10(D)(2)(a) of the Ohio Rules of Civil Procedure Plaintiff asks for an extension of time to provide a compliant affidavit of merit pursuant to Civ.R. 10(D)(2)(b).

## ALLEGATIONS OF FACT

22. All of the statements and averments in the preceding Paragraphs 1-21 are hereby incorporated by reference as if fully written herein.

23. Plaintiff received all of his medical diagnosis and treatment from the VA from at least on or about December of 2015 until December 10, 2019. During that time frame Plaintiff saw multiple providers employed by the VA at the Parma VA Medical Center and was exhibiting signs and symptoms of prostate cancer including but not limited to problems with urination, erectile dysfunction, and elevated PSA levels. The VA and all of its providers failed to realize the signs and symptoms of prostate cancer and this was negligent and below the standard of care. More specifically, Plaintiff saw Dr. Roger A. Mansnerus as his primary care physician from on or about December of 2015 until December 10, 2019. Plaintiff complained to Dr. Mansnerus

about problems with urination and erectile dysfunction on numerous occasions. These complaints, coupled with Plaintiff's age, should have resulted in Dr. Mansnerus ordering a PSA test but Dr. Mansnerus was negligent and below the standard of care in failing to do so. Dr. Mansnerus even suspected Plaintiff had something called BPH which is a precursor to prostate cancer and calls for immediate testing of PSA levels but Dr. Mansnerus was negligent and below the standard of care in not testing PSA.

24. Plaintiff eventually saw medical providers outside of the VA who tested Plaintiff for PSA and determined an extremely elevated level on 11/23/2019 indicative of prostate cancer. Those same medical providers confirmed Plaintiff had prostate cancer on 1/29/2020.

25. Plaintiff's prostate cancer was determined to be metastic, inoperable, and Plaintiff was not likely to live long. This was as a result of the negligence and breach of the standard of care of Defendants.

26. Defendants, by themselves and/or by and through their employees and/or agents, including but not limited to Dr. Mansnerus were negligent and breached the standard of care in rendering medical care and treatment to Plaintiff, because of the failure to diagnose and treat Plaintiff Jerome's metastatic prostate cancer.

27. As a direct and proximate result of the below-described negligent acts or omissions of Defendants, by themselves and/or by and through its employees and/or agents, including but not limited to Dr. Mansnerus Plaintiff suffers from metastic terminal prostate cancer entitling him to an award of monetary damages pursuant to the Federal Tort Claims Act.

28. As a further direct and proximate result of the below-described negligent acts or omission of Defendants, by itself and/or by and through its employees and/or agents, including

but not limited to Dr. Mansnerus, Plaintiff Jerome incurred medical expenses thus entitling him to an award of monetary damages pursuant to the Federal Tort Claims Act.

## CAUSES OF ACTION

29. All of the statements and averments in the preceding Paragraphs 1-28 are hereby incorporated by reference as if fully rewritten herein.

30. The acts and/or omissions set forth herein above and below would constitute a cognizable claim for medical malpractice under the laws of the State of Ohio.

31. Pursuant to 28 U.S.C. § 1346(b)(1), Defendant The United States of America is liable to Plaintiff Jerome for damages he sustained as a direct and proximate result of the acts and/or omission set forth below.

## COUNT ONE – NEGLIGENCE

32. All of the statements and averments in the preceding Paragraphs 1-31 are hereby incorporated by reference as if fully rewritten here.

33. Defendants and its employees and/or agents had a duty to provide safe medical care to, and be reasonably careful when providing medical treatment to, Plaintiff Ronald Jerome.

34. Defendants and its employees and/or agents had a duty to avoid causing injury to Jerome while he was under Defendants' care and had a duty to prevent avoidable harm to Jerome.

35. Defendants, by itself and/or by and through its employees and/or agents, failed to properly provide appropriate medical services to Jerome, failed to recognize and adequately treat Jerome's condition, failed to take medically appropriate measures at a time when such medical care, treatment, and attention was required, and/or took medically inappropriate measures to address Jerome's condition.

36. Defendants, by itself and/or by and through its employees and/or agents, was negligent in rendering medical care and treatment to Plaintiff Jerome by, *inter alia*, failing to recognize and/or failing to timely treat Plaintiff Jerome's metastatic prostate cancer.

## PRAYER FOR RELIEF

**WHEREFORE,** on Count One set forth above, Plaintiff Ronald Jerome hereby prays that judgment be entered in his favor and against Defendant The United States of America as follows:

A. Past and future medical expenses, lost wages, pain and suffering, future impairment, loss of enjoyment of life, and cost of future care, in an amount in excess of $3,500,000.00;

B. Pre- and/or post-judgment interest as allowed by law;

C. Reasonable costs incurred in bringing this action;

D. Reasonable attorneys' fees incurred in bringing this action; and,

E. Any and all other relief at law or in equity that this Court may deem just and proper to adequately compensate Plaintiff Jerome Newsom for his injuries in this matter.

Respectfully submitted,

*/s/ Thomas D. Robenalt*
THOMAS D. ROBENALT (#0055960)
JOHN P. COLAN (#0081778)
**THE ROBENALT LAW FIRM, INC.**
23550 Center Ridge Road, Suite 103
Westlake, OH 44145
Phone:  (216) 223-7535
Fax: (216) 860-4390
Email:  trobenalt@robenaltlaw.com
          jcolan@robenaltlaw.com

*Attorneys for Plaintiff*